CLERK'S OFFICE U.S. DIST. COURT
AT CHARLOTTESVILE, VA
FILED

OCT 11 2012

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 3:12CR00020 |
| | ) | |
| v. | ) | |
| | ) | REPORT AND RECOMMENDATION |
| ROBERT NATHANIEL TINSLEY, | ) | |
| | ) | |
| Defendant. | ) | By: B. WAUGH CRIGLER |
| | ) | U.S. MAGISTRATE JUDGE |

In accordance with the provisions of Title 28 U.S.C. § 636(b)(3), and upon the defendant's consent, this case was referred to the undersigned to conduct a plea hearing.

**DEFENDANT'S RESPONSES TO RULE 11 INQUIRY**

The Grand Jury returned a multiple-count Indictment charging defendant in Count One with knowingly and intentionally distributing a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(C); and in Count Two with knowingly and intentionally possessing with intent to distribute over 28 grams of a mixture or substance containing a detectable amount of cocaine base, a Schedule II controlled substance, all in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B). On August 10, 2012, the government filed a notice of enhanced penalty pursuant to 21 U.S.C. § 851 for convictions the defendant had in 1994 and 2007.

On October 9, 2012, a plea hearing was conducted before the undersigned. The defendant was placed under oath and testified that his full legal name is Robert Nathaniel Tinsley, he was born on November 6, 1962, and he earned a GED while in Butner, North Carolina. The defendant stated that he can read, write, and understand the English language. The defendant further stated that he was fully aware of the nature of the charges against him and the consequences of pleading guilty to

those charges. The defendant stated that he suffered no condition that impaired his ability to understand what the court was saying or the nature of the proceedings. The defendant testified that he had received a copy of the Indictment pending against him, and that he had fully discussed the charges therein and any defenses thereto, and his case in general, with his counsel. The defendant stated that he was pleading guilty of his own free will because he was, in fact, guilty. The defendant testified that he understood that Counts One and Two are felonies, and if his plea is accepted, he will be adjudged guilty of those offenses.

Under the original unenhanced charges, as to Count One, plaintiff was facing a minimum term of no imprisonment, a maximum term of twenty years imprisonment, and a maximum fine of one million dollars. As to Count Two, plaintiff was facing a minimum term of five years imprisonment, a maximum term of forty years imprisonment, and a maximum fine of five million dollars.

The defendant acknowledged that the maximum statutory penalty under Count One, given the enhanced penalty provisions, is a statutory maximum sentence of thirty years in prison and a greater maximum fine of $2,000,000; and, under Count Two, a statutory sentencing range of not less than ten years and not more than life in prison and a maximum fine of $8,000,000. The defendant was informed that parole has been abolished, and that if he is sentenced to prison, he will not be released on parole, but on supervised release, a violation of which could result in additional incarceration. Finally, the defendant testified that he understood that, upon conviction, he will be required to pay a mandatory assessment of $100 per felony count of conviction.

The defendant was informed that under the Sentencing Reform Act of 1984, the United States Sentencing Commission has issued guidelines for judges to follow in determining the sentence

2

in a criminal case. The defendant was then informed that the Sentencing Guidelines are no longer mandatory, but the sentencing judge may apply them in an advisory fashion in determining a reasonable sentence. The defendant testified that he and his counsel had discussed how the Sentencing Guidelines might apply in his case. The defendant also testified that he understood that the court would not be able to determine the applicable guideline range, for advisory purposes, until after a presentence report has been prepared and both parties have been given an opportunity to challenge the reported facts and application of the Guidelines. The defendant stated that he understood that the eventual sentence imposed may be different from any estimate his attorney had given him, or any recommendation by the government, and that the court has the authority to impose a sentence that is either higher or lower than that called for by the Guidelines, so long as the sentence is not greater than the statutory maximum for the offenses to which the defendant is pleading guilty.

The defendant acknowledged that he was waiving his right to have a jury determine beyond a reasonable doubt the facts alleged in the Indictment, including any facts related to sentencing. The defendant testified that he understood that he had the right to a trial by a jury, in addition to the following rights, which will be waived or given up if his guilty plea is accepted:

1. The right to plead not guilty to any offense charged against him;
2. The right at trial to be presumed innocent and to force the government to prove his guilt beyond a reasonable doubt;
3. The right of assistance of counsel at trial and in any subsequent appeal;
4. The right to see, hear, and cross-examine witnesses;
5. The right to call witnesses to testify on his own behalf and to the issuance of subpoenas or compulsory process to compel the attendance of witnesses;

6. The right to decline to testify unless he voluntarily elects to do so in his own defense;

7. The right to a unanimous guilty verdict; and

8. The right to appeal a guilty verdict.

The defendant acknowledged that there was no plea agreement in this case. The defendant also testified that he understood that if he is adjudged guilty of these charges, he may be deprived of valuable civil rights, such as the right to vote, the right to hold public office, the right to serve on a jury, and the right to possess a firearm. The defendant stated that he was satisfied with the advice and representation given to him in this case by his counsel, and that he believed the representation had been effective. The defendant asked the court to accept his plea of guilty to Counts One and Two.

**THE GOVERNMENT'S EVIDENCE**

The defendant and the Government agreed to a Stipulation of Facts. The Stipulation of Facts having been filed in open court, the evidence presented therein regarding the offenses charged is as follows:

On March 28, 2012, Mr. Tinsley sold just under one gram of crack to a confidential informant for sixty dollars. The transaction took place on the front porch of Mr. Tinsley's home at 511 12th Street, NW in Charlottesville, Virginia. Prior to the transaction, law enforcement equipped the informant with an audio/video recording device and provided him with marked currency to use in purchasing the crack. After the transaction, the informant returned to a pre-determined location, and he gave the crack that he purchased from Mr. Tinsley to law enforcement. Subsequent testing confirmed that the substance purchased by the informant was crack.

4

A few hours after the undercover purchase, on March 29, 2012, law enforcement executed a search warrant on Mr. Tinsley's home. When law enforcement arrived, Mr. Tinsley was just outside his home, and officers saw Mr. Tinsley drop a pill bottle. Law enforcement arrested Mr. Tinsley, seized the pill bottle, and found what appeared to be crack inside the pill bottle. When officers searched Mr. Tinsley's home, they found and seized bags containing suspected crack. Additionally, officers found and seized several plastic bags, packaging materials, a knotted bag containing marijuana, and $4,458 in cash. Among the cash seized from Mr. Tinsley's pocket was the sixty dollars in marked currency that law enforcement provided to the confidential informant for use in the undercover buy. Also, a person on the porch near where Mr. Tinsley was arrested was found holding a digital scale.

The suspected crack seized from Mr. Tinsley's home weighed just over 46 grams. The Virginia Department of Forensic Sciences tested the suspected crack and confirmed it to be crack. After his arrest, law enforcement advised Mr. Tinsley of his rights under *Miranda v. Arizona*. Then, Mr. Tinsley stated that he understood his rights, and he agreed to speak to with the officers about the drugs found at his house. In his statement, Mr. Tinsley said that he had found some crack the day before he was arrested and he began selling the crack to make money.

## FINDINGS OF FACT

Based on the evidence presented at the plea hearing, the undersigned now submits the following formal findings of fact, conclusions and recommendations:

(1) The defendant is fully competent and capable of making an informed plea;

(2) The defendant is aware of the nature of the charges and the consequences of his plea;

5

(3) The defendant knowingly and voluntarily entered a plea of guilty to Counts One and Two of the Indictment; and

(4) The evidence presents an independent basis in fact containing each of the essential elements of the offenses to which the defendant is pleading guilty.

**RECOMMENDED DISPOSITION**

Based upon the above findings of fact, the undersigned RECOMMENDS that the court accept the defendant's plea of guilty to Counts One and Two of the Indictment. The undersigned DIRECTS that a presentence report be prepared. A sentencing hearing hereby is scheduled for January 30, 2013 at 10:30 a.m. before the presiding District Judge in Charlottesville.

**NOTICE TO PARTIES**

Notice is hereby given to the parties of the provisions of 28 U.S.C. § 636(b)(1)(C): Within fourteen days after being served with a copy of this Report and Recommendation, any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. The presiding District Judge shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. The presiding District Judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the undersigned. The judge may also receive further evidence or recommit the matter to the undersigned with instructions.

Failure to file timely written objections to these proposed findings and recommendations within fourteen days could waive appellate review. At the conclusion of the fourteen-day period, the Clerk is directed to transmit the record in this matter to the presiding United States District Judge.

6

Case 3:12-cr-00020-GEC-RSB   Document 27   Filed 10/11/12   Page 6 of 7   Pageid#: 48

The Clerk is directed to send a copy of this Report and Recommendation to all counsel of record.

ENTERED: /s/ *signature*
United States Magistrate Judge

Date: October 11, 2012