CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

MAY 11 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | Case No. 3:12CR00020-01 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| ROBERT NATHANIEL TINSLEY, ) | By: Hon. Glen E. Conrad |
| ) | Chief United States District Judge |
| Defendant. ) | |

Defendant Robert Nathaniel Tinsley has moved for a reduction of sentence based on Amendment 782 to the United States Sentencing Guidelines, pursuant to 18 U.S.C. § 3582(c)(2). For the following reasons, Tinsley's motion must be denied.

### Background

On October 9, 2012, Tinsley pled guilty to two counts of an indictment related to the distribution of cocaine base, in violation of 21 U.S.C. § 841(a)(1). Prior to sentencing, the probation officer prepared a presentence report, which designated Tinsley as a career offender under § 4B1.1 of the Sentencing Guidelines, and calculated the applicable guideline range of imprisonment based on that provision. At the time of sentencing, the court adopted the presentence report and found that Tinsley qualified as a career offender. In light of the career offender designation, the guideline range of imprisonment was 262 to 327 months. The court granted a substantial assistance motion filed by the government and imposed a 138-month sentence of imprisonment.

Tinsley now seeks a sentence reduction based on Amendment 782 to the Sentencing Guidelines, which generally reduced the base offense levels applicable to drug offenses under

§ 2D1.1 of the Guidelines by two levels. The court previously issued a notice advising Tinsley that he may not be eligible for a reduction because of his designation as a career offender under § 4B1.1. The Office of the Federal Public Defender agreed to assist Tinsley. An attorney in the office has filed a brief in support of Tinsley's motion. The motion is ripe for disposition.

## Discussion

A district court generally may not modify a term of imprisonment once it has been imposed unless a defendant is eligible for a reduction under 18 U.S.C. § 3582(c). United States v. Goodwyn, 596 F.3d 233, 235 (4th Cir. 2010). Section 3582(c)(2) allows for a reduction if the defendant's sentence was "based on a sentencing range that has subsequently been lowered by the Sentencing Commission," and "such reduction is consistent with the applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

The "applicable policy statements" referenced in § 3582(c)(2) are those found in § 1B1.10 of the Sentencing Guidelines. Dillon v. United States, 560 U.S. 817, 826 (2010). Pursuant to that provision, a sentence reduction under § 3582(c)(2) is authorized only when a retroactively applicable Guidelines amendment has "the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B). The Guidelines define the "applicable guideline range" as "the guideline range that corresponds to the offense level and criminal history category determined pursuant to § 1B1.1(a), which is determined before consideration of any departure provision in the Guidelines Manual or any variance." U.S.S.G. § 1B1.10 cmt. n.1(A).

2

In this case, Tinsley's applicable guideline range was his career offender range of 262 to 327 months, which was calculated pursuant to § 4B1.1 of the Sentencing Guidelines.* As other courts have previously explained, "Amendment 782 amended § 2D1.1" of the Guidelines; it "did not lower the sentencing range established for a career offender by § 4B1.1." United States v. Thomas, 775 F.3d 982, 983 (8th Cir. 2014); see also United States v. Avent, 633 F. App'x 176 (4th Cir. 2016) ("Amendment 782 is not applicable to sentences . . . derived from the career offender provisions in the Sentencing Guidelines."). Therefore, Tinsley's applicable guideline range was not affected by Amendment 782. Although the court ultimately departed downward at sentencing, "the 'applicable guideline range' remains the original pre-departure range." United States v. Webb, 760 F.3d 513, 520 (6th Cir. 2014). Because that range has not been lowered by any retroactively applicable amendments to the Sentencing Guidelines, Tinsley is not eligible for a sentence reduction under § 3582(c)(2). See United States v. Hall, 627 F. App'x 266 (4th Cir. 2016) ("[B]ecause Hall was sentenced as a career offender (a Guidelines range from which the district court departed downward at sentencing), Amendment 782 did not lower his applicable Guidelines range, and he is therefore not eligible for a sentence reduction.").

Finally, the court notes that the fact that the downward departure in Tinsley's case was based on a substantial assistance motion by the government does not permit the court to ignore

---

* To the extent Tinsley challenges his classification as a career offender, such challenge falls outside the scope of the proceeding authorized by § 3582(c)(2). See Dillon, 560 U.S. at 825-27 (explaining that § 3582(c)(2) permits sentence reductions only within the narrow bounds established by the Sentencing Commission and does not authorize a full resentencing); see also United States v. Allen, 623 F. App'x 529, 530 (11th Cir. 2015) (holding that a defendant's challenges to his career offender designation based on the Supreme Court's decisions in Johnson v. United States, 135 S. Ct. 2551 (2015) and Descamps v. United States, 133 S. Ct. 2276 (2013) were "not cognizable in a § 3582(c)(2) proceeding"); United States v. Jones, 533 F. App'x 338, 339 (4th Cir. 2013) (holding that a defendant could not use a § 3582(c)(2) motion to challenge his classification as a career offender, since the career offender provisions were unaffected by the Guidelines amendment on which the motion was based).

3

his career offender designation and reduce his sentence based on Amendment 782. In arguing to the contrary, Tinsley relies on the United States Court of Appeals for the Fourth Circuit's decision in United States v. Williams, 808 F.3d 253 (4th Cir. 2015). That case, however, did not involve the career offender provisions of the Sentencing Guidelines. Instead, the defendant in Williams was subject to an enhanced mandatory minimum sentence of 240 months under 21 U.S.C. § 841(b)(1)(A), which was also the applicable guideline sentence. Williams, 808 F.3d at 255. The district court granted a substantial assistance motion made by the government pursuant to 18 U.S.C. § 3553(e), and imposed a 180-month sentence. Id. at 255-56. In 2015, counsel for the defendant and the government agreed that the defendant was eligible for a sentence reduction based on Amendments 750 and 782, due to procedural changes introduced by Amendment 780. Id. at 256. The latter amendment, which had the effect of resolving a circuit split regarding defendants who had previously been sentenced below the statutory mandatory minimum based on substantial assistance, clarified that, in such cases, the amended guideline range shall be determined without regard to the mandatory minimum. Id. at 260 (citing U.S.S.G. § 1B1.10(c)). The Fourth Circuit agreed with the parties and vacated the district court's order denying the defendant's § 3582(c)(2) motion. Id. at 263. The Fourth Circuit emphasized that § 3582(c)(2) requires a district court to adhere to the Sentencing Commission's policy statement in § 1B1.10 when assessing a motion for reduction of sentence, and that the proper application of the policy statement demonstrated that the defendant was eligible for relief under the statute. Id. at 262-63.

Relying on Williams, Tinsley argues that the fact that he received a substantial assistance motion "means that his career offender guidelines need no longer operate as a floor for any sentence reduction." Docket No. 61 at 2. This argument, however, is without merit. A defendant is eligible for relief under § 3582(c)(2) only "if such reduction is consistent with the

4

applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). In Williams, the Fourth Circuit made clear that its decision was based on the policy statement contained in the current version of § 1B1.10, which pertains solely to cases involving mandatory minimum sentences and substantial assistance. See Williams, 808 F.3d at 262-63 (applying U.S.S.G. § 1B1.10(c)). Consequently, Williams is inapplicable in the instant case, since Tinsley "was not sentenced based upon a statutorily required mandatory minimum sentence." United States v. Jay, No. 3:11-375, 2016 U.S. Dist. LEXIS 57755, at *1 (D.S.C. May 2, 2016) (explaining that Williams did not apply in the case of a career offender who received a Rule 35 motion).

For all of these reasons, the court concludes that Tinsley is not eligible for a sentence reduction under § 3582(c)(2). Because Tinsley was sentenced as a career offender, the amendments to U.S.S.G. § 2D1.1 do not have the effect of lowering his applicable guideline range. Although Tinsley benefitted from a substantial assistance motion, the Sentencing Commission did not afford the same treatment to career offenders that it did to defendants who were subject to statutorily required minimum sentences. While this decision may seem unfair, the court is "not at liberty to disregard the Sentencing Commission's clearly expressed policy choices." United States v. Forrest, 402 F.3d 678, 689 (6th Cir. 2005); see also United States v. Dunphy, 551 F.3d 247, 250 (4th Cir. 2009) (recognizing that "the Commission's policy statements implementing the statute's authorization of retroactive sentence reductions are binding"). Unless and until the Sentencing Commission affords similar treatment to career offenders who provided substantial assistance to the government, or otherwise amends the Guidelines applicable to career offenders, the court will not have the authority to reduce Tinsley's sentence under § 3582(c)(2). See, e.g., United States v. Ballew, 619 F. App'x 985, 986

5

(11th Cir. 2015) (rejecting a career offender's argument that the district court's downward departure based on his substantial assistance meant that he was eligible for a reduced sentence under Amendment 782); Jay, 2016 U.S. Dist. LEXIS 57755, at *2 (holding that a career offender who received a Rule 35 reduction for substantial assistance was not entitled to a further reduction based on Amendment 782).

The Clerk is directed to send copies of this memorandum opinion and the accompanying order to the defendant and all counsel of record.

DATED: This 11th day of May, 2016.

/s/ Glen Conrad
Chief United States District Judge